No. 68,791

In the Matter of BISSESSARNATH RAMCHARAN-MAHARAJH,
*Respondent.*

(847 P.2d 1307)

Opinion filed March 5, 1993.

*Paula B. Martin,* special deputy disciplinary administrator, argued the cause, and *Bruce E. Miller,* disciplinary administrator, was with her on the formal complaint for petitioner.

*Bissessarnath Ramcharan-Maharajh* appeared pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the Office of the Disciplinary Administrator against Bissessarnath Ramcharan-Maharajh, of Topeka, an attorney admitted to the practice of law in Kansas.

The complaints filed herein arise from respondent's handling of two bankruptcy actions. The complainant was Calvin J. Karlin, who served as opposing counsel in each of the bankruptcy actions.

A hearing panel of the Kansas Board for Discipline of Attorneys unanimously found the following:

### "FINDINGS OF FACT

"2. Prior to Respondent entering his appearance in the Chapter 11 bankruptcy for the Musils, there had been a hearing on the Motion of Lift of Stay on February 10, 1989, wherein the Lift of Stay was granted as to the farm land thus allowing a foreclosure. The Respondent entered his appearance in this matter in July 1989 and on July 6, 1989, the Respondent filed a Motion for Reconsideration and a Motion to Set Aside the Lift of Stay. By Federal Rules of Civil Procedure, either motion should have been filed within ten days of the entry of order lifting the stay. However, both of these motions filed by the Respondent were heard on July 31, 1989, and the Court denied them both.

"3. Subsequent to the Court's ruling in the Musil case, Respondent filed a Notice of Appeal on August 9, 1989, a Motion for an Order of Stay Pending Appeal [filed] on August 22, 1989, and another Motion for Reconsideration filed on August 25, 1989. From August 25th, the date on which the second Motion for Reconsideration was filed, until October 16, 1989, when the last pleading in Exhibit B was filed, the pleadings filed in the Bankruptcy Court by Respondent were so inconsistent and unusual that the Panel must conclude that some of these pleadings were without merit.

"4. Mr. Karlin filed a Motion to Dismiss the Musil Appeal in the United States District Court for the District of Kansas. However, the Respondent filed his answer and response to the Motion to Dismiss the Appeal in the Bankruptcy Court. Respondent also filed on September 14, 1989, a 'Motion for Nunc Pro Tunc Order' in an attempt to correct a reference to a date in a pleading which had originally been filed on July 25, 1989, and on which the Court had already ruled. The Panel finds these actions to be clear and convincing evidence that Respondent was not providing competent representation to his clients.

"5. The Respondent filed a Motion for Protection for the Musils in Sherman County District Court seeking relief under the Kansas Family Farm Rehabilitation Act. This motion was filed on or about October 8, 1989. During the January term of 1987 the Supreme Court held the Kansas Family Farm Rehabilitation Act unconstitutional in the case of the *Federal Land Bank of Wichita v. Bott,* 240 Kan. 624 [,732 P.2d 710 (1987)]. The filing of the motion and reliance on the Kansas Family Farm Rehabilitation Act shows Respondent's lack of competence in the debtor/creditor area of the law and is another example of filing a claim that was not meritorious.

"6. On October 9, 1989, in the Sherman County District Court action regarding the Musils, Respondent also filed a mechanic's lien to collect his attorney fees against funds held by the Court pursuant to an order of garnishment issued on behalf of the Federal Land Bank. The Court ruled on October 9, 1989, that the mechanic's lien statute did not apply to professional services. On or about October 16, 1989, Respondent filed a Motion for Release of Funds in a bankruptcy proceeding and asserted a first and prior lien based on the same mechanic's lien. In his memorandum in support of Motion for Release of Funds, Respondent states that he has filed a mechanic's lien but does not state that at the time of his motion that the Court in Sherman County had already determined that he could not assert a mechanic's lien for attorney fees. In the same pleading, Respondent cites a section of the U.S. Code which does not exist. Respondent failed to disclose a material fact in his bankruptcy pleading, and once again filed a nonmeritorious claim. Respondent's behavior is further evidence of his lack of competence.

"7. On September 15, 1987, the Bankruptcy Court approved a plan of reorganization under a Chapter 11 Bankruptcy for both Arnold Helms and Elsa Helms. On November 9, 1988, the Respondent entered his appearance in the Chapter 11 bankruptcy for Arnold and Elsa Helms. While the Chapter 11 bankruptcy was still in effect for Arnold Helms and Elsa Helms, on October 12, 1989, Respondent filed yet another Petition for Bankruptcy on behalf of Elsa Helms for relief pursuant to the provisions of Chapter 11 in the same Bankruptcy Court. The Bankruptcy Court held that a 'debtor cannot obtain a stay through an improper filing' and annulled any stay that was created by the filing of the second and improper bankruptcy.

"8. After the second Chapter 11 Bankruptcy was dismissed, Respondent filed a Motion to Convert the original Chapter 11 Bankruptcy to a Chapter

7. The conversion was granted and on the 22nd of November, 1989, an Order was entered converting the original Chapter 11 to a Chapter 7 bankruptcy case; however, the Federal Land Bank objected to the conversion of the case to a Chapter 7. In Respondent's response to the objection, the Respondent took the position that the Helms' homestead would be free and clear of the Mortgage Lien since the Kansas Homestead Act only allowed a 'waiver of rights and an attachment of a Mortgage Lien' if the waiver was pursuant to an informed decision by the Helms at the time the Mortgage was signed. K.S.A. 60-2301 *et seq.*, which is the homestead exemption provision in Kansas, states 'provisions of this section shall not apply to any process of law obtained by virtue of a lien given by the consent by both husband and wife when that relation exists.' In spite of the fact that both of the Helms had voluntarily signed the Mortgage, Respondent's contention as to the meaning of K.S.A. 60-2301 and the Mortgage Lien was contrary to the plain meaning of the statute and was without merit."

The panel then concluded:

### "CONCLUSION

"The Panel unanimously concludes that the facts provide clear and convincing evidence that the Respondent violated MRPC 1.1 [1992 Kan. Ct. R. Annot. 244], failure to provide competent representation to his client; MRPC 3.1 [1992 Kan. Ct. R. Annot. 293], asserting a claim for which there is no basis; MRPC 3.3 [1992 Kan. Ct. R. Annot. 295], failing to disclose a material fact to a tribunal when disclosure is necessary; and MRPC 8.4 [1992 Kan. Ct. R. Annot. 328], general misconduct in engaging in conduct that adversely reflects on the lawyer's fitness to practice law. The Panel further finds that the evidence was not clear and convincing that the Respondent violated MRPC 4.2 [1992 Kan. Ct. R. Annot. 309] in communicating about the subject of representation with the party the lawyer knows to be represented by another attorney.

"The Panel finds that Respondent repeatedly filed inconsistent and unnecessary pleadings and took inconsistent positions in the same case. Respondent also, on two occasions, attempted to use more than one jurisdiction to invoke a stay of execution against creditors on behalf of his clients. In both of these cases there had been an Order of the Court that had in one way or another lifted the stay. This behavior by Respondent showed a failure to provide competent representation and repeated assertion of claims for which there is no basis. When Respondent failed to disclose to the Bankruptcy Court that the District Court in Sherman County had denied his mechanic's lien argument, he failed to disclose a material fact to the tribunal. Furthermore, the Respondent relied on a [statute] that had, two years prior, been declared unconstitutional, cited a statute that was non-existent and took a position regarding homestead exemptions and mortgages that was contrary to the clear meaning of the Kansas statutes. Respondent has shown a consistent lack of competence in representing the Musils and the Helms in their bankruptcy."

The panel then made the following recommendation as to the appropriate discipline to be imposed:

## "RECOMMENDATION

"The Panel finds that there is no evidence presented in aggravation and based upon the Respondent's testimony, it is clear that his actions were not committed in bad faith or that he is indifferent to the situation. The Respondent has acknowledged his errors and has been honest with the Panel and Disciplinary Administrator.

"In mitigation the Panel takes into account the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, cooperation of the Respondent during the hearing and his acknowledgment of transgressions, the Respondent's inexperience in the practice of law, and remorse on behalf of the Respondent.

"Based upon the Standards for Imposing Lawyer Sanctions set forth by the American Bar Association and the evidence presented in mitigation on behalf of the Respondent, the Hearing Panel unanimously recommends entry of an Order imposing public censure against the Respondent on the basis that he made claims that were not meritorious, failed to exhibit candor before the Court and exhibited incompetence in his practice in Bankruptcy Court."

No exceptions to the hearing panel's Final Hearing Report have been filed. After due consideration, we accept the hearing panel's findings of fact, conclusions, and recommended discipline.

The record reflects respondent was admitted to practice law in Kansas on October 5, 1988. He commenced his practice as a sole practitioner with no support staff and no access to a supervising attorney. He entered his appearance as attorney for the Helms on November 9, 1988, and for the Musils in July 1989. It is clear from the hearing panel's findings and conclusions that respondent was not competent to handle such representation and should not have undertaken the same. Hopefully, respondent has benefited from the disciplinary proceeding herein and will conduct his law practice in a manner which will avoid any recurrence of the problems exhibited herein.

IT IS THEREFORE ORDERED that Bissessarnath Ramcharan-Maharajh be and he is hereby disciplined by this court by public censure for his previously enumerated violations of the rules of professional conduct.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to respondent and that this order be published in the official Kansas Reports.